2013R0467/DAW/ BAW

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ANDREW JOHNSON,**<br><br>Defendant. | Criminal No. 14- /2 (SDW)<br><br>**PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT)** |

**WHEREAS**, on or about January 13, 2014, defendant Andrew Johnson pleaded guilty pursuant to a plea agreement with the United States to a one-count Information (the "Information"), which charged the defendant with knowing distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1);

WHEREAS, as part of his plea agreement, the defendant agreed to forfeit to the United States, pursuant to 18 U.S.C. § 2253, all of his right, title, and interest in all computer and computer accessories on which law enforcement, on or about May 7, 2013, discovered visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260; all visual depictions described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, and 2260 that were produced, transported, shipped, distributed or received in violation of 18 U.S.C. Chapter 109A; all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information;

and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information, and all property traceable to such property, including the following:

> All property listed on Schedule A hereto, which was seized pursuant to a federal search warrant executed at the defendant's residence in Cranford, New Jersey on or about May 7, 2013,

(the "Specific Property");

WHEREAS, in the plea agreement, the defendant further consented to the entry of orders of forfeiture as to the forfeitable property pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure; to waive all interest in the forfeitable property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; and to waive the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)) and Federal Rule of Criminal Procedure 32.2(b)(6), the Government is now required to publish notice of the forfeiture and provide notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding;

WHEREAS, good and sufficient cause having been shown, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to 18 U.S.C. § 2253, by virtue of the defendant's guilty plea to the charge in the Information, which is an offense in violation of 18 U.S.C. § 2252A, and pursuant to the plea agreement and Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure, all of the defendant's right, title, and interest in the following Specific Property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n)(1) (as incorporated by 18 U.S.C. § 2253(b)):

> All property listed on Schedule A hereto, which was seized pursuant to a federal search warrant executed at the defendant's residence in Cranford, New Jersey on or about May 7, 2013,

(the "Specific Property").

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Andrew Johnson, shall be made part of the sentence of defendant Andrew Johnson, and shall be included in the judgment of conviction therewith.

3. The Federal Bureau of Investigation shall maintain custody of the Specific Property and hold such property in its secure custody and control pending entry of a final order of forfeiture.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site

www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. The notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought. *See* Fed R. Crim. P. 23.2(b)(6); 21 U.S.C. § 853(n)(2), (3).

6. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), in which all interests will be addressed.

8. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**ORDERED** this 13th day of January, 2014.

_____
HONORABLE SUSAN D. WIGENTON
United States District Judge

# SCHEDULE A

1. One Verizon Blackberry 9630, 3.2 MP Camera phone, PIN 30E6B182, with charger PCR-21188004

2. One blue HP 4 GB Thumb Drive, Serial Number I9CMMUDT1

3. One blue Verizon Casio Cell Phone, Serial Number CVBN0100143

4. One Western Digital External Hard Drive, Serial Number WXDA69K3303

5. One Western Digital Elements External Hard Drive, Serial Number WCAU44458050

6. One Smart Disk Firelite External Hard Drive, Serial Number JH6615

7. One silver Verizon Motorola Phone, Model QH/WA, Serial Number SJUG1134JK

8. One Apple Mac Book Pro Laptop, Model A1297, Serial Number W89300958YA

9. One SanDisk Cruzer 2 GB, Serial Number BE1006OFDB

10. Nine Compact Disks

11. One Dell Inspiron 2600 Laptop Model PP04L, Serial Number J59VN11